IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY S. FITZGERALD, | ) CASE NO. 1:12 CV 3087 |
| Plaintiff, | ) |
| | ) MAGISTRATE JUDGE |
| v. | ) WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| Defendant. | ) |

# Introduction

**A.  Nature of the case and proceedings**

This is an action by Kimberly S. Fitzgerald under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[1]

The parties have consented to my jurisdiction.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4]

---

[1] ECF # 1.

[2] ECF # 18.

[3] ECF # 10.

[4] ECF # 11.

Under the requirements of my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] I conducted a telephonic oral argument,[10] and a transcript of that telephonic oral argument has been filed.[11]

**B.     The Commissioner's decision**

The ALJ found that Fitzgerald had the following severe impairments: depression, generalized anxiety disorder with obsessive compulsiveness, post-traumatic stress disorder, borderline personality disorder, neuropathic pain including mononeuritis and fatigue, and disorders of the back.[12] The ALJ made the following finding regarding Fitzgerald's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R 404.1567(b) and 416.967(b) except the claimant could lift, carry, push, and/or pull 10 pounds frequently and 20 pounds occasionally. The claimant could sit, stand, and or walk for six hours in an 8-hour day with normal breaks. The claimant could never use ladders, ropes, and scaffolds, and could occasionally climb ramps and stairs. The claimant was limited to simple,

---

[5] ECF # 5.

[6] ECF # 12.

[7] ECF # 16 (Commissioner's brief); ECF # 13 (Fitzgerald's brief).

[8] ECF # 16-1 (Commissioner's charts); ECF # 15 (Fitzgerald's amended supplemental charts).

[9] ECF # 13-1 (Fitzgerald's fact sheet).

[10] ECF # 21.

[11] ECF # 22, Transcript of the oral argument on Nov. 16, 2013 ("11.16.13 Tr.").

[12] Transcript ("Tr.") at 12.

> routine, low-stress tasks that involved only limited and superficial interaction with supervisors, co-workers, and the public and that had no strict time requirements or high production requirements.[13]

The ALJ decided that this residual functional capacity precluded Fitzgerald from performing any past relevant work.[14]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Fitzgerald could perform.[15] The ALJ, therefore, found Fitzgerald not under a disability.[16]

The Appeals Council denied Fitzgerald's request for review of the ALJ's decision.[17] With this denial, the ALJ's decision became the final decision of the Commissioner.[18]

**C.    Issues presented**

Fitzgerald asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Fitzgerald presents the following issue for judicial review:

---

[13] *Id.* at 14.

[14] *Id.* at 21.

[15] *Id.* at 22.

[16] *Id.* at 22-23.

[17] *Id.* at 1-3.

[18] *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 648 (6th Cir. 2011); 20 C.F.R. §§ 404.981 and 416.1481.

-3-

The ALJ found that Fitzgerald's alleged impairment of her right knee was not sufficient in duration to constitute a severe impairment. Does substantial evidence support that finding?

**D.     Disposition**

For the reasons that follow, I conclude that the ALJ's findings have the support of substantial evidence. The denial of Fitzgerald's applications will be affirmed.

## Analysis

**A.     Standard of review – substantial evidence**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

-4-

survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Substantial evidence supports the ALJ's findings.**

Fitzgerald's brief frames the issue for decision as whether or not she is entitled to DIB and SSI.[22] The argument, however, concentrates on a challenge to the ALJ's statement that her complaints of knee pain did not relate to an impairment expected to last for at least 12 months.[23]

At oral argument, counsel for Fitzgerald acknowledged that the challenge centers on the knee impairment and whether that impairment rendered her unable to do the light jobs identified by the vocational expert in his answer to the ALJ's hypothetical.[24]

Fitzgerald relies upon physical therapy records from University Hospitals Rehabilitation & Sports Medicine for the period from April 12, 2010, to May 26, 2010.[25]

---

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] ECF # 13 at 1.

[23] *Id.* at 12-13.

[24] 11.6.13 Tr. at 4-5.

[25] Tr. at 405-18.

These records show that Dr. Waldman wrote a prescription for physical therapy for knee pain evaluation and treatment dated January 22, 2010.[26] Fitzgerald began therapy on April 12, 2010,[27] and was discharged from physical therapy on May 26, 2010.[28] The discharge summary[29] states "Pt reported a decrease in bilateral knee pain after the last session. Pt reported that she was able to ambulate around the block without any increase in knee pain. **** After her last visit, pt canceled and no showed her last two appointments. Pt did not call to reschedule any future appointments."[30] The Commissioner argues that this discharge summary shows that the knee pain was of short duration and did not rise to the level of a severe impairment.

Fitzgerald counters, however, that she underwent hospitalization at University Hospitals from May 19, 2011, through May 23, 2011.[31] During that hospitalization, she was prescribed a walker, apparently for stability because of migraine headaches.[32] Counsel for

---

[26] *Id.* at 405.

[27] *Id.* at 414-18.

[28] *Id.* at 406.

[29] The discharge summary is dated June 15, 2010, although the date last seen was May 26, 2010.

[30] Tr. at 406.

[31] *Id.* at 514-29.

[32] *Id.* at 425.

Fitzgerald conceded the transcript contains no medical records relating to knee pain between the physical therapy done in May and April of 2010 and the hospitalization in 2011.[33]

I have carefully reviewed the records from University Hospitals regarding Fitzgerald's hospitalization in May of 2011.[34] I can find no reference to knee pain therein. Upon physical examination, the physician noted "Musculoskeletal: No obvious deformity or injury. The patient did have 5/5 muscle strength throughout."[35] Although the hospital performed a lumbar puncture and an MRI study of the head and an MRA study of the neck,[36] it did no radiological studies of the knee. The hospital records contain no support for the proposition that the walker prescription related in any way to knee pain.[37] The discharge summary provided for no follow up that could relate to knee pain.[38]

Based on this record, substantial evidence supports the ALJ's decision not to find a severe knee impairment at step two because the problems manifest in 2010 did not meet the 12-month durational requirement.

---

[33] 11.6.13 Tr. at 14.

[34] Tr. at 514-29.

[35] *Id.* at 519. Also, *see id.* at 515.

[36] *Id.* at 527-29.

[37] *Id.* at 515.

[38] *Id.*

## Conclusion

Substantial evidence supports the decision of the Commissioner that Fitzgerald had no disability. The denial of Fitzgerald's applications is affirmed.

IT IS SO ORDERED.

Dated: February 26, 2014    s/ William H. Baughman, Jr.
United States Magistrate Judge